77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Murrell Clifford COX; Leroy Figgures, Defendants-Appellants.
 Nos. 95-5724, 95-5782.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1996.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendants-Appellants Murrell Clifford Cox and Leroy Figgures appeal their convictions for the violation of federal firearms laws on the ground of insufficiency of the evidence. We affirm in part, and reverse in part.
 
 
 2
 On December 14, 1992, a federal grand jury returned a six-count indictment against Cox and Figgures, charging them with violations of:
 
 
 3
 (1) 18 U.S.C. § 371 (conspiracy);
 
 
 4
 (2) 18 U.S.C. §§ 922(a)(5) & 924(a)(1)(D) (sale of firearms to any nonresident of the state other than a licensed dealer, aiding and abetting);
 
 
 5
 (3) 18 U.S.C. § 922(b)(5) (sale of a firearm without recording name, age and residence of purchaser);
 
 
 6
 (4) 18 U.S.C. §§ 922(d) & 924(a)(2) (sale of a firearm to a person under indictment);
 
 
 7
 (5) 18 U.S.C. §§ 922(d) & 924(a) (sale of a firearm to a convicted felon); and
 
 
 8
 (6) 18 U.S.C. §§ 922(k) & 924(a)(2) (sale of a firearm with an obliterated serial number).
 
 
 9
 A jury convicted both defendants on all counts.
 
 
 10
 The evidence adduced at trial showed that Euclid Sales Company, a seller of firearms, sold two Intratec-9 semiautomatic handguns with serial numbers 115515 and 115516 to Firearms Unlimited, a federal firearm licensee located at Cox's home address.
 
 
 11
 The Government's main witness was Leon Price, a convicted felon. Price testified that Cox ordered the guns for him, and he paid Cox for the guns with money and cocaine that he got from a contact in Yonkers, New York known to him as Shatee or "T". Price received the two pistols from Cox and took them to Federal Express to ship them to Shatee in Yonkers, New York. Cox kept no record of the transaction. Neither Price nor Figgures had a firearms license.
 
 
 12
 Price had been bringing packages to Federal Express once or twice a week for almost two years and mailing them to an "S. Figgures" at the same address in Yonkers, New York. Federal Express had become suspicious, and called the Tennessee Highway Patrol when Price came in with the package. The Tennessee Highway Patrol opened the package and found two Intratec-9's with the serial numbers removed. The guns were sent to New York, and ATF agents made a controlled delivery of the package to Figgures. Figgures identified himself as the recipient and signed for the package.
 
 
 13
 The weapons were examined by an ATF firearms examiner who partially restored the serial numbers on the weapons. One was numbered 115315 or 115515, and the other was numbered 115316 or 115516. Firearms with serial numbers 115315 and 115316 were found in other locations, precluding these serial numbers as being the correct ones for the weapons in the package.
 
 STANDARD OF REVIEW
 
 14
 The question before the court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979).
 
 MURRELL CLIFFORD COX
 
 15
 Defendant-Appellant Cox raises two main arguments on appeal. He argues that his conviction on Counts 2, 4 and 5 must be reversed because the Government never presented proof regarding his knowledge as a necessary element of the crimes charged. Cox argues that his conviction on Counts 1, 3 and 6 must be reversed because the Government's evidence on these Counts was "exceedingly improbable."
 
 
 16
 As to Count 2, Cox claims that the Government never showed he knew the firearms were going out of state to an unlicensed dealer. The Government responds that Cox was guilty as a co-conspirator in a conspiracy consisting of Cox, Figgures and Price. It argues further that the evidence showed Cox received cocaine in partial payment for the firearms; since Tennessee is not a center of cocaine manufacture, it was reasonable for the jury to infer that Cox knew he was involved in an interstate transaction. Also, the fact that Cox did not complete the required paperwork on the transaction indicates that he knew it was illegal.
 
 
 17
 The statute at issue prohibits the transfer of firearms to anyone "who the transferor knows or has reasonable cause to believe does not reside in ... the State in which the transferor resides." 18 U.S.C. § 922(a)(5). We are satisfied that the Government presented sufficient evidence from which a rational trier of fact could infer that Cox had reasonable cause to believe the Intratec-9's were being sold to an out-of-state recipient. Accordingly, Cox's conviction on Count 2 is affirmed.
 
 
 18
 As to Count 4, Cox claims that the Government never showed he knew or had reason to believe Price was under indictment. The Government concedes that no proof was presented on this issue. Accordingly, Cox's conviction on Count 4 is reversed.
 
 
 19
 As to Count 5, Cox claims that the Government never showed he knew or had reason to believe Price was a convicted felon. The Government responds that the fact Cox received cocaine in payment for the guns provided sufficient evidence from which the jury could infer that Cox was on notice Price was a convicted felon, and that Cox's failure to maintain records of the transactions provided evidence that Cox actually believed Price was a felon.
 
 
 20
 We are satisfied that the Government presented sufficient evidence from which a rational trier of fact could infer that Cox knew or had reason to believe Price was a convicted felon. Accordingly, Cox's conviction on Count 5 is affirmed.
 
 
 21
 As to Counts 1, 3, and 6, Cox claims that the Government's only witness for the elements of these crimes was Leon Price, and that Price's testimony was "exceedingly improbable." The Government responds first that Price's testimony was believable. Second, the Government responds that Price's testimony does not stand alone as to these counts; many other witnesses corroborated Price's testimony. As to Count 3, a Tennessee Highway Patrolman testified that he found the guns sold by Cox on the way to New York in a Federal Express box, with no record of the name, age and address of the purchaser. This supports an inference that Cox sold the guns without completing the required paperwork. As to Count 6, three ATF agents testified that the serial numbers had been obliterated from the two weapons.
 
 
 22
 We are satisfied that the Government presented sufficient evidence from which a rational trier of fact could infer that Cox committed the acts charged in Counts 1, 3, and 6. Accordingly, Cox's conviction on Counts 1, 3, and 6 is affirmed.
 
 LEROY FIGGURES
 
 23
 Defendant-Appellant Figgures was convicted as a direct actor on Counts 1 and 2, and as a co-conspirator on Counts 3-6. Figgures argues that his conviction must be reversed on all counts because the Government never showed that he was a member of the conspiracy or intentionally purchased the items in the Federal Express package sent to him.
 
 
 24
 Figgures claims the only proof the Government adduced was that he received a package addressed to him--not that he knew what was in the package, or had agreed to receive it. The Government responds that it showed Figgures received similar packages once or twice a week for almost two years. It also presented evidence that he supplied the cocaine used to purchase the guns. From these facts, argues the Government, a rational trier of fact could infer Figgures' membership in the conspiracy.
 
 
 25
 We agree with the Government's position. Had that been the first package sent to Figgures, and had the Government not presented evidence that Figgures supplied cocaine in exchange for the weapons, Figgures' claim of a possible "misdelivery" of the weapons to his residence would be stronger. It strains credibility, however, for Figgures to argue that packages were "accidentally" shipped to his residence once or twice a week for almost two years. Nor can Figgures credibly argue that he supplied cocaine to a firearms dealer without expecting to receive consideration in return.
 
 
 26
 Accordingly, Figgures' conviction on Counts 1, 2, 3, 5, and 6 is affirmed. Figgures' conviction is reversed on Count 4 on the Government's stipulation that insufficient evidence to support this Count was adduced at trial.
 
 CONCLUSION
 
 27
 The conviction of Murrell Clifford Cox is affirmed as to Counts 1, 2, 3, 5, and 6, and reversed as to Count 4. The conviction of Leroy Figgures is affirmed as to Counts 1, 2, 3, 5, and 6, and reversed as to Count 4.
 
 
 
 [1]
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation